IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHN S. CLAY,           )
                        )
        Plaintiff,      )
                        )
    vs.                 )    No. 04 C 4802
                        )
DEPARTMENT OF HUMAN SERVICES )
and ADA S. McKINLEY,    )
                        )
        Defendants.     )

## MEMORANDUM OPINION AND ORDER

This is an action for alleged age discrimination in employment. Before the court is the defendants' joint motion for summary judgment. For the reasons stated below, I grant the motion and dismiss the complaint with prejudice.

Plaintiff John Clay, pro se, sues defendants Illinois Department of Human Services (IDHS) and Ada S. McKinley Community Services (Ada S. McKinley) under the Age Discrimination In Employment Act (ADEA), 29 U.S.C. § 623 et seq. Mr. Clay alleges in his complaint that the defendants discriminated against him on February 9, 2004, February 26, 2004, and March 15, 2004, by not providing him with the proper uniform for a work training course and for not providing him with training. He further alleges that when he complained about these matters, he was forbidden to return [to the program] "while others, who were younger, were trained & dressed properly."

## Standard of Review

Summary judgment is proper if the record shows that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). On a motion for summary judgment both supporting and opposing affidavits must be made on personal knowledge, must set forth such facts as would be admissible in evidence, and must show affirmatively that the affiant is competent to testify to the matters stated therein. Fed. R. Civ. P. 56(e). In deciding a motion for summary judgment, I must view all evidence in the light most favorable to the nonmoving party, *Valley Liquors, Inc. v. Renfield Importers, Ltd.*, 822 F.2d 656, 659 (7th Cir.), *cert. denied*, 484 U.S. 977 (1987), and must draw all reasonable inferences in the non-movant's favor. *Santiago v. Lane,* 894 F.2d 218, 221 (7th Cir. 1990).

## Factual Background

John Clay is an armed forces veteran and suffers from a disability that is not specified in the record. He was born in 1942. In the summer of 2003, Mr. Clay enrolled in "Ticket to Work", a program sponsored by the Social Security Administration for job seekers (Program). He contacted the IDHS office at 8840 Stony Island in Chicago, Illinois. Jennifer Perez, an IDHS counselor, acted as liaison between Mr. Clay and various job opportunities offered through the Program. Ms. Perez referred Mr.

Clay to Ada S. McKinley for enrollment in a janitorial training program. She also informed Mr. Clay about two requirements for enrollment: he had to secure a janitor's uniform and submit documentation showing that he took a physical examination prior to enrollment. Mr. Clay alleges that Ms. Perez at one point told him she would see if she could provide him with a voucher for purchase of the uniform and thus misled him, but admits that he received a document signed and dated by him on November 25, 2003 stating that it was his personal and financial responsibility to purchase a uniform and wear it to training. He implies, but does not offer any proof, that other trainees who did have the required uniform when they reported for training in February 2004, were given their uniforms by the Program. He never complied with the requirement that he obtain a uniform. As to the medical examination requirement, Mr. Clay did not undergo a medical examination or submit any medical documentation to the Program except to sign a medical release form to be submitted to the Veterans Administration.

On March 15, 2004, Ms. Shirley Huff, whom he identifies as the program coordinator at Ada S. McKinley, told him he was ineligible for the Program because he failed to obtain a uniform and failed to submit the required medical documentation.

The alleged bases for his claim of age discrimination are: 1) that on the occasions when he reported for training at the Program,

all of the other trainees were wearing janitorial uniforms and appeared to be younger than him; and 2) that on an occasion when Ms. Huff asked for volunteers to work at a job site, he volunteered but was not chosen. He has not alleged any personal knowledge as to the criteria for selection process for the assignment or as to whether anyone was selected in his place. He did not inquire as to the ages of the other trainees nor did he see any documentation that revealed their ages. He never heard anyone at IDHS or Ada S. McKinley indicate that his age motivated any of their actions.

On March 25, 2004, Mr. Clay filed a charge against IDHR with EEOC. He did not name Ada S. McKinley in the charge. He did not refer to age in the charge. On April 21, 2004, the EEOC sent him a document entitled Dismissal and Notice of Suit Rights. The EEOC found that it was unable to conclude that the information obtained establishes violations of the statutes.

## Proof of Age Discrimination

In general, to prove discrimination in employment under either Title VII, which covers discrimination by reason of race, color, gender, or national origin, or under the ADEA, which covers only discrimination by reason of age, a plaintiff must show that: 1) plaintiff is a member of a protected class; 2) the employee was performing his/her job satisfactorily; 3) the employee suffered an adverse employment action; and 4) the defendant treated similarly situated employees outside his/her class more favorably. *Smith v.*

4

*City of Jackson, Miss.*, 125 S.Ct. 1536 (2005)(age discrimination); *O'Neal v. City of Chicago*, 392 F.3d 909, 911 (7th Cir. 2004) (gender discrimination).

Proof of discrimination in employment may be by either the direct method or the indirect method. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)(Title VII case). Under the indirect method of proof (sometimes called the "disparate impact" method) where there is no, or insufficient, direct evidence of discrimination, other factors come into play. Once an employer makes a prima facie case of deficiencies in the plaintiff's performance, in order to withstand summary judgment, the plaintiff must make a prima facie case that the employer's claimed reasons for the adverse action are pretextual. *O'Neal, supra*, 392 F.3d at 911. The issue then must be determined by the trier of fact based upon a preponderance of the evidence. In *Smith, supra*, a plurality of the Court held that the disparate impact analysis formulated in *McDonnell Douglas, supra*, may be applied to ADEA cases. *Smith*, 125 S.Ct. at 1544.

## Discussion

When defendants filed their motion for summary judgment they supported it with, among other things, the statement of material facts required by Local Rule 56.1 and the transcript of a deposition given by Mr. Clay. They also served upon Mr. Clay the notice to pro se litigant opposing motion for summary judgment,

which Local Rule 56.2 requires. In response, Mr. Clay filed nothing which effectively rebuts defendants' version of the facts.

Defendants first challenge the complaint on procedural grounds, contending that Mr. Clay's EEOC charge did not allege age discrimination and should not be considered, because none of the allegations in the charge reasonably relate to his claim of age discrimination. I agree. Although the boxes on the EEOC charge form include one that states "age", Mr. Clay did not check this box. Instead, he checked the box entitled "other." Neither does his factual statement either mention age or give any other indication that he could be complaining of age discrimination.

Even if Mr. Clay met the procedural requirements for a suit against one or both of the defendants,[1] Mr. Clay's case would fail on the merits. By admitting that he never heard anyone at IDHS or Ada S. McKinley indicate that his age motivated any of their actions, Mr. Clay has admitted that he has no direct proof of discrimination. As to the indirect method of proof, in his deposition, Mr. Clay admitted that he had no personal knowledge of the ages of the individuals he claimed received more favorable treatment or as to how they obtained their uniforms. Indeed, he

---

[1] Ada S. McKinley was not mentioned in Mr. Clay's charge. Defendants argue that the filing of an administrative charge against a specific party is a statutorily required predicate to the filing of an action against the party in the district court. However, that issue would turn on the relationship between the two defendants, which is not documented in the record.

has offered *no* admissible evidence of discrimination, only his own conjecture and speculation. Fed. R. Civ. P 56(e) provides in part that on motions for summary judgment

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. . . . When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Rule 56(e) mandates the entry of summary judgment against a non-moving party who fails to make the showing the Rule requires. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Mr. Clay further admitted that he did not submit proof of a medical examination, which was also a prerequisite to entry into the program.

For the foregoing reasons I find that the defendants have supported their summary judgment motion with an adequate showing that Mr. Clay's participation in the Ticket To Work Program was terminated because of insufficient performance, and that Mr. Clay has failed to show the existence of a triable issue of material fact. I grant the motion of defendants for summary judgment and dismiss the complaint with prejudice. This case is terminated.

All other pending motions are moot.

ENTER ORDER:

_____
**Elaine E. Bucklo**
United States District Judge

**Dated:** December 12, 2005